BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
MICHAEL ROSE, OSB #753221
E-mail: *mrose@civilrightspdx.com*
CREIGHTON & ROSE, PC
Powers Building Suite 300
65 SW Yamhill Street
Portland, Oregon 97204-3316
Phone: (503) 221-1792
Fax: (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**WILLIAM EWING,**

Plaintiff,

vs.

**CITY OF TOLEDO, CRAIG MARTIN,** in his individual capacity, **BILLIE JO SMITH**, in her individual capacity, **PAUL OSTERLUND**, in his individual capacity, **DAVID JAMES ROBINSON**, in his individual capacity,

Defendants.

Civil Case No. 6:18-cv-01626

**COMPLAINT**

(Whistleblower Violations under ORS 659A.199, ORS 659A.203 & ORS 659A.030(1)(f), Defamation, Slander and Civil Rights Claims under 42 U.S.C. § 1983)

**DEMAND FOR A JURY TRIAL**

## I. INTRODUCTION

1. Pursuant to ORS 659A.199, ORS 659A.203, ORS 659A.030(1)(f) and 42 U.S.C. § 1983, and Oregon common law, Plaintiff alleges the deprivation of his rights as protected by



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

state and federal anti-retaliation statutes. He seeks damages and equitable remedies, including declaratory judgment and attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because plaintiff asserts a cause of action arising under the Constitution, laws, or treaties of the United States. The court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

## III. PARTIES

4. Plaintiff William Francis Cochran Ewing ("Ewing") is a resident of Toledo, Oregon.

5. At all material times herein, defendant City of Toledo ("City") was and is a public body in the State of Oregon responsible under state law for the acts and omission of its agents and other employees, including those whose conduct is at issue herein.

6. At all material times herein, defendant Craig Martin ("Martin") was and is the City Manager of the City, and is a resident of the State of Oregon. He is sued in his individual capacity.

7. At all material times herein, defendant Billie Jo Smith ("Smith") was and is the Mayor of the City, and is a resident of the State of Oregon. She is sued in her individual capacity.

8. At all material times herein, defendant Paul Osterlund ("Osterlund") was and is an

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Oregon licensed attorney, the legal counsel authorized to act on behalf of Defendants, and is a resident of the State of Oregon. He is sued in his individual capacity.

9. At all material times herein, defendant David James Robinson ("Robinson") was and is an Oregon licensed attorney, the legal counsel authorized to act on behalf of Defendants, and is a resident of the State of Oregon. He is sued in his individual capacity.

## IV. FACTS

10. In or about May of 1999, the City hired Ewing as Fire Chief.

11. In or around August of 2016, the City hired Martin as its Interim City Manager.

12. Based on information and belief, Martin was the City Manager in Sweet Home for 18 years prior to his being hired by the City. No one at the City inquired about why Martin had left Sweet Home nor did they inquire about the circumstances of his departure. Not all of the Councilors on the Board, if any, even saw Martin's résumé.

13. Based on information and belief, Martin was hired based on his friendship with the then City Attorney/City Planner, Mike Adams ("Adams").

14. Based on information and belief, Ewing was never disciplined over the course of his 18 year employment with the City prior to Martin's employment with the City.

15. Although the problems with Martin became apparent almost immediately, it did not stop the City from extending the offer of permanent City Manager to Martin.

16. In August of 2017 Martin was accused of intimidation, harassment and discrimination by a female employee, Nancy Bryant. Bryant had previously complained about Martin's demeaning and dismissive conduct.

17. During the Summer/Fall of 2017, Workplace Solutions Northwest ("WSN")



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

conducted an internal investigation of Ms. Bryant's allegations. As part of this investigation, WSN went through all of Bryant's emails and interviewed several City employees.

18. One of the individuals interviewed, Polly Chavarria ("Chavarria"), accused Martin of being "dishonest to the City Council because she believed he should have made a different decision about some changes to the budget."

19. Chavarria also accused Martin of being "dishonest in the way he changed the salary for hiring the public works director, [], because she believed [Martin] tried to raise the salary without going to the City Council."

20. The results of the investigation were memorialized in a report dated October 10, 2017.

21. Martin fired Bryant shortly after the report was released.

22. On or about October 24, 2017, Martin caused a Notice of Potential Termination to be delivered to Ewing for alleged unprofessionalism and disrespectful communication criticizing Martin's job performance and emails to other agencies that the agencies were not performing their services adequately.

23. On or about October 26, 2017, Ewing responded to this letter, in part stating, "you [Martin] tend to disregard all sound advice coming from your subordinate experts, of course your subordinates are not correct all of the time, but we are some of the time. I have yet to see you take a piece of advice at face value, that value is to be helpful, not critical. In my eyes that is not sustainable."

24. Martin decided not to terminate Ewing and Chavarria, instead suspending them for a week without pay from November 13 - 17, 2017. Martin also put Ewing on a 120-day



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

performance improvement plan.

25. Chavarria resigned from the City in or about January 2018, rather than continue to deal with Martin's combative, intimidating, discriminatory and dishonest tendencies.

26. ORS 294.331 requires the governing body of each municipal corporation to designate one person to serve as budget officer. The budget officer shall prepare or supervise the preparation of the budget document. The budget officer shall act under the direction of the executive officer of the municipal corporation, or where no executive officer exists, under the direction of the governing body.

27. The City of Toledo Charter requires the City Manager to prepare the annual budget for transmittal to the counsel. City of Toledo Charter, Chapter 5, Section 20 (4)(I).

28. The budget officer must present a balanced budget to the budget committee. To be in balance, the resources in each fund must be equal to the expenditures and other requirements in that fund. The estimates of resources and expenditures must be made in "good faith." That is, they should be reasonable and reasonably likely to prove correct, based on the known facts at the time.

29. The budget officer is also responsible for publishing all of the notices required by Local Budget Law. Most budget officers are also responsible for monitoring budget expenditures during the budget year and notifying the governing body of the need to make any budget changes required after adoption.

30. In January, 2018, Martin in his capacity as City Manager and Budget Officer under the City's Charter, was required to start the budgeting process to propose a City budget to be voted on by the City Council.

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

31. Unlike in years past, Martin added to Ewing's budget development responsibility for the Fire Department a substantial Personal Services section dealing with salaries, insurance, Social Security costs and retirement.

32. Ewing was given no guidance in this additional Personal Services budgeting responsibility. He was not even provided with the amount of funds that would be allocated to the fire department's Personal Services budget. The contact in the Council for City Governance he was given to assist him went out on sick leave and/or could not answer his questions.

33. In years past, Ewing worked closely with Chavarria, the former City Finance Director, when preparing the budget for the fire department. As of the filing of this Complaint, the City Finance Director position has not been filled since Chavarria left.

34. In the budget preparation process, as part of his budgetary duties as Fire Chief, Ewing utilized his authorized access to the City's financial information to create a report. Ewing created a spreadsheet incorporating the information in that report. In the absence of any other assistance in the budget process, Ewing relied on the guidance of Chavarria in his preparation of the spreadsheet and his assessment of the accuracy of the budgetary numbers. The information in the report was information to which Chavarria had had access to as the City Finance Director three months previously.

35. After submission of the fire department budget information in March of 2017, outlining to the Finance Department his budget submissions and the capital reserve fund, Ewing was given a revised budget from Martin. Ewing's March, 2017, fire department figures were not included in this budget draft and a full $400,000 previously included in the reserve fund went missing.

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

36. At this point, Ewing became even more alarmed about the budget process and the impact on the tax payers of the City of Toledo. He suspected that there were even more errors in the budget than he himself could identify. In an effort to prevent the submission of a budget riddled with errors to the budget committee and to the council for approval, Ewing requested that Chavarria review the budget and identify errors to alert the council.

37. Chavarria then took this information and authored a memo that outlined 59 errors and areas of concerns about the proposed budget. Chavarria shared her concerns with members of the City Council.

38. As a result of Chavarria and Ewing's actions, 293 corrections were made to the budget prior to the approval by the budget committee.

39. On or about May 17, 2018, Martin angrily confronted Ewing asking if he knew who had given Chavarria the City's financial information. Ewing admitted that he permitted Chavarria to review the financial information in conjunction with the budget process and because he felt the budget was totally messed up. During that encounter, Ewing expressed his belief that Martin wanted to terminate him. Martin responded with "not yet," which Ewing reasonably perceived to be a threat to terminate him in the near future.

40. On or about June 4, 2018, Martin gave Ewing a Notice of Potential Termination ("Notice"), stating:

> I want to be abundantly clear that I am not considering discipline because you state that you have concerns about the City's budget or in anyway involved with the memo that went to the City Council. I welcome employees and members of the Toledo community to raise questions and concerns they have about the City's finances and my management of the City. In fact, I have been working with the Toledo Budget Committee and the City Accounting staff to

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

> review the concerns that were raised in the memo because I believe we all want the City to be as effective and fiscally responsible as possible.

41. On or about June 13, 2018, Martin terminated Ewing's employment.

42. On or about June 20, 2018, the City Council voted on and adopted the proposed Budget, that included changes made after Chavarria and Ewing voiced their concerns.

43. During the June 20, 2018, City Council meeting Robinson spoke, accusing Ewing of illegal release of "non-disclosable public records" and "tramp[ling] on the rights of other taxpayers in the process," insinuating that Ewing engaged in illegal activity.

44. On or about June 22, 2018, defendants Osterlund and Robinson requested the Oregon Department of Justice ("DOJ") to investigate Ewing for "criminal conduct perpetrated against the City" accusing Ewing of the following:

a) committing a computer crime pursuant to ORS 164.377;

b) tampering with public records pursuant to ORS 162.305;

c) "attempting to execute a scheme to defraud the City or to cover up financial misdeeds that [he] perpetrated;"

d) "theft of data."

45. In their request to DOJ, defendants Osterlund and Robinson failed to cite to any evidence that would support the charge that Ewing used any data he collected from the City to either defraud or attempt to defraud the City, as required by ORS 164.377.

46. At no time did defendants have any evidence that Ewing ever engaged in any malfeasance, fiscal or otherwise, in his 18 years of employment with the City.

47. At no time did defendants Osterlund and Robinson cite to any evidence that



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

would support the charge that Ewing destroyed, mutilated, concealed, removed, made a false entry in or falsely altered any public records, as required by ORS 162.305.

48. The weekend of July 14-15, 2018, during the City Of Toledo's local festival, Smith caused pamphlets to be handed out to the public accusing Ewing of dishonest and/or immoral and/or criminal conduct and alleging that it was said conduct that led to his termination. Neither before nor after the dissemination of these false allegations was Ewing afforded an impartial hearing.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment Violation Against Defendants Martin, Smith, Osterlund, and Robinson in their Individual Capacities**

49. Plaintiff incorporates paragraphs 1 through 48 as if fully set forth herein.

50. The acts of defendants described herein were taken under color of state law.

51. Ewing exercised his free speech rights to object to the mismanagement of City funds by Martin, and the violation of City policies and procedures. Defendants retaliated and/or discriminated against Ewing in violation of his right to speak about those matters of public concern. Defendants' acts violated Ewing's rights under the First Amendment of the United States Constitution, made applicable to defendants through the 14th Amendment.

52. As a direct and proximate result of defendants' unlawful acts, Ewing has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

53. As a direct and proximate result of defendants' unlawful acts, Ewing lost income and benefits as a result of defendants' unlawful acts.



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

54. Ewing seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

55. Defendants' conduct toward Ewing demonstrated a wanton, reckless or callous indifference to the constitutional rights of Ewing, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourteenth Amendment Violation - Due Process – Liberty Interest**
**Against Defendants Martin, Smith, Osterlund and Robinson in their Individual Capacities**

56. Plaintiff incorporates paragraphs 1 through 48 as if fully set forth herein.

57. By the acts described above, Defendants Smith, Martin, Osterlund and Robinson deprived Ewing of his protected liberty interest in his reputation without due process of law.

58. As a direct and proximate result of defendants' unlawful acts, Ewing has suffered economic damage in an amount to be determined by the jury at trial.

59. As a direct and proximate result of defendants' unlawful acts, Ewing has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

60. As a direct and proximate result of defendants' unlawful acts, Ewing has lost income and benefits as a result of defendants' unlawful acts.

61. Ewing seeks equitable relief in the form of having his employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor.

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

62. Ewing seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

63. Defendants' conduct toward Ewing demonstrated a wanton, reckless or callous indifference to the constitutional rights of Ewing, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

**THIRD CLAIM FOR RELIEF**
**Retaliation for Whistleblowing - ORS 659A.030(1)(f), 659A.203, ORS 659A.199**
**Against Defendants City of Toledo, Martin, Smith, Osterlund and Robinson**

64. Plaintiff incorporates paragraphs 1 through 48 as if fully set forth herein.

65. By the acts described above, defendants the City, Martin, and Smith retaliated against Ewing because he disclosed information that he reasonably believed was evidence of a violation of state and federal law, and/or abuse of authority, and/or mismanagement, gross waste of public funds, and abuse of authority in violation of ORS 659A.030(1)(f), ORS 659A.203 and ORS 659A.199.

66. Defendants Martin, Smith, Osterlund and Robinson aided and/or abetted in the retaliation as described above in violation of ORS 659A.030(1)(g).

67. As a direct and proximate result of defendants' unlawful acts, Ewing has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

68. As a direct and proximate result of defendants' unlawful acts, Ewing lost income and benefits as a result of defendants' unlawful acts.

69. The amount of economic and non-economic damages are expected to exceed the



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

applicable limits set forth in ORS 30.272.

70. Ewing seeks equitable relief in the form of having his employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor.

71. Ewing is entitled to reimbursement of his reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107 and ORS 20.105, if appropriate.

**FOURTH CLAIM FOR RELIEF**
**Defamation *per se***
**Against Defendants Smith, Osterlund and Robinson in their Individual Capacity**

72. Plaintiff incorporates paragraphs 1 through 48 as if fully set forth herein.

73. By the acts described above Defendants defamed plaintiff in retaliation for his exercise of free speech rights to object to the mismanagement of City funds by Martin, and the violation of City.

74. Defendants accused Ewing of committing a computer crime and tampering with public records in their request to DOJ.

75. As licensed attorneys, defendants Osterlund and Robinson were aware of the utter lack of evidence supporting these accusations and they lacked of good faith in levying these accusation.

76. Defendants leveled these accusations knowing they were false or without regard to the falsity of the accusations, in an effort to damage Ewing's reputation.

77. As a direct and proximate result of defendants' unlawful acts, Ewing has suffered damage to his reputation in amounts to be determined by the jury at trial.

78. The amount of economic and non-economic damages are expected to exceed the



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

applicable limits set forth in ORS 30.272.

79. Ewing seeks equitable relief in the form of having his employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor.

80. Ewing is entitled to reimbursement of his reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107 and ORS 20.105, if appropriate.

**FIFTH CLAIM FOR RELIEF**
**Slander**
**Against Defendant Osterlund and Defendant Robinson in their Individual Capacity**

81. Plaintiff incorporates paragraphs 1 through 48 as if fully set forth herein.

82. By the acts described above Osterlund and Robinson slandered plaintiff in retaliation for his exercising his free speech rights to object to the mismanagement of City funds by Martin, and the violation of City policies and procedures.

83. Defendant Osterlund and Robinson accused Ewing of committing a computer crime and tampering with public records in its written request to DOJ, along with other crimes.

84. As licensed attorneys, defendants Osterlund and Robinson are aware that the utter lack of evidence supporting these accusations renders them false.

85. Defendants Osterlund and Robinson leveled these accusations against Ewing in an effort to damage his reputation.

86. As a direct and proximate result of defendants' unlawful acts, Eewing has suffered damage to his reputation  in amounts to be determined by the jury at trial.

87. The amount of economic and non-economic damages are expected to exceed the applicable limits set forth in ORS 30.272.



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

88. Ewing seeks equitable relief in the form of having his employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor.

89. Ewing is entitled to reimbursement of his reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, ORS 20.105, if appropriate.

**WHEREFORE**, Plaintiff Ewing prays for judgment against defendants as follows:

1. Economic damages in the form of lost wages and benefits, consequential damages and prejudgment interest in an amount to be determined at trial;

2. Compensatory damages in an amount to be determined at trial;

3. All available equitable relief and damages in amounts to be determined at trial, consistent with the claims above against defendants;

4. Punitive damages consistent with the claims above against defendants in amounts to be determined at trial;

5. Reasonable attorneys' fees and litigation expenses/costs herein, including expert witness fees and expenses, consistent with the claims above against defendants; and

6. Grant such other relief as is just and proper.

DATED this 5th day of September, 2018.

CREIGHTON & ROSE, PC.

*s/ Beth Creighton*

Beth Creighton, OSB #972440
E-mail: *beth@civilrightspdx.com*
Michael E. Rose, OSB #753221
E-mail: *mrose@civilrightspdx.com*

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**



CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com